IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Ronnie Bowman, | ) | C/A No. 3:05-677-CMC |
| | ) | CR. No. 3:01-349 |
| Petitioner, | ) | |
| | ) | |
| -versus- | ) | **OPINION and ORDER** |
| | ) | |
| United States of America. | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Ronnie Bowman, a federal prisoner proceeding *pro se*, filed ths action under 28 U.S.C. § 2255 on March 3, 2005, raising six grounds for relief: (1) that he is factually innocent of the charge of distribution of heroin resulting in the death of another; (2) that there was no factual basis established for the guilty plea he entered on October 23, 2001; (3) that the district court abused its discretion in denying his motion to withdraw his guilty plea;[1] (4) that his guilty plea was invalid because the district court did not treat as elements of the offense the quantity and type of drugs involved in the offense; (5) that Respondent engaged in prosecutorial misconduct; and (6) that his trial and appellate counsel were ineffective. Petitioner also requests an evidentiary hearing. On June 6, 2005, Respondent filed a motion for summary judgment, to which Petitioner responded on July 20 and 25, 2005. Following a careful review of the record, the court grants Respondent's motion for summary judgment for the reasons set forth below.

**I. Background**

Petitioner was charged on September 25, 2001 in a multiple count superseding indictment with conspiracy, drug trafficking, and obstruction of justice relating to his distribution of heroin in

---

[1] Petitioner was convicted and sentenced before the Honorable Dennis W. Shedd, who has since been elevated to the Fourth Circuit Court of Appeals.

the Columbia, South Carolina area. The trial of these charges began on October 22, 2001, and on the second day of trial, Petitioner entered a guilty plea, pursuant to a written plea agreement, to Counts One (conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. § 846) and Four (distribution of a controlled substance resulting in the death of another person in violation of 21 U.S.C. § 841(b)(1)(C)) of the superceding indictment. The Government agreed to dismiss the remaining counts. During Petitioner's plea hearing, the court conducted a lengthy plea colloquy with Petitioner, engaging Petitioner under oath regarding the nature of the proceeding, charges, and facts upon which the plea was based. Satisfied that Petitioner's plea was knowing and voluntary, and that the counts to which Petitioner pleaded were supported by independent bases of fact containing each of the essential elements of the offenses, the court accepted Petitioner's plea. *See* Tr. of Change of Plea Hrg. at 39.

Petitioner filed a motion for withdrawal of his guilty plea on January 24, 2002, and the court held hearings on this motion on May 2 and August 12, 2002. On August 12, 2002, the court denied Petitioner's motion to withdraw his plea, and sentenced Petitioner to life in prison as to each count, the sentences to run concurrently. Petitioner appealed the court's denial of his motion to withdraw his guilty plea to the Fourth Circuit Court of Appeals, which affirmed the decision of the district court. *See United States v. Bowman*, 348 F.3d 408 (4th Cir. 2003), *cert. denied*, 540 U.S. 1226 (2004). Petitioner thereafter timely filed this action under § 2255.

**II. Discussion**

Petitioner raises six grounds for relief, listed above. Petitioner asserts in his "Traverse to Government Response," filed July 20, 2005, that "all of petitioner [sic] claims are under either ineffective assistance of both of the trial attorneys, or the appellate counsel." Traverse at 2-3, filed

2

July 20, 2005. However, as presented in the petition, four (4) of these claims raise issues that have either been decided by the Fourth Circuit Court of Appeals on direct appeal, or are procedurally defaulted.

Petitioner's ground for relief Three (that the district court abused its discretion in denying his motion to withdraw his guilty plea) was presented on his direct appeal and decided against him. *See Bowman*, *supra*. Petitioner therefore cannot relitigate it in a § 2255 petition. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (§2255 petitioner may not "recast, under the guise of collateral attack, questions fully considered by this court"). This court's consideration of Petitioner's ground Three is accordingly foreclosed. This claim is therefore dismissed.

Grounds One (factual innocence), Two (no factual basis for guilty plea), and Four (invalid guilty plea) are procedurally defaulted in this court because they were not raised on direct appeal.[2] As noted by the Fourth Circuit:

> In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. *See United States v. Frady,* 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *United States v. Maybeck,* 23 F.3d 888, 891-92 (4th Cir.1994). The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. *See id.* at 496, 106 S.Ct. 2639.

---

[2] To the extent these issues were examined by the Fourth Circuit in the context of reviewing the district court's refusal to allow Petitioner to withdraw his guilty plea, they were rejected. Because these issues were not directly appealed by Petitioner, this court will treat them as not having been raised, although the result is the same whether they are procedurally defaulted or have already been considered by the Fourth Circuit.

3

*United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). *See also United States v. Sanders*, 247 F.3d 139, 144 (4th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998), for same proposition). Petitioner has not met these conditions. Petitioner presents his claim in the guise of ineffective assistance of counsel and argues he was denied effective assistance of counsel because trial and appellate counsel failed to appeal these issues that were "dead-bang winners." Supporting Memo. of Law at 26, filed Mar. 3, 2005. Yet Petitioner presents no evidence that the actions of his trial and appellate counsel were deficient except for his own self-serving statements regarding the alleged merits of these evidentiary issues. Additionally, the Fourth Circuit reviewed the actions of Petitioner's trial counsel in its examination of the district court's application of the factors found in *United States v. Moore*, 931 F.2d 245 (4th Cir. 1991). The Fourth Circuit found that "the record simply fails to support Bowman's contention that he suffered from a lack of close assistance of competent counsel." *Bowman*, 348 F.3d at 416. These claims are accordingly dismissed.

Grounds Five and Six are proper grounds for a § 2255 petition. Ground Five asserts Petitioner was subject to prosecutorial misconduct because Respondent purportedly used information it allegedly obtained during plea negotiations to re-indict Petitioner on more serious charges. As to the Superseding Indictment, Respondent asserts that the only change from the original indictment was a change in count Four which changed the wording from "'a quantity of heroin' to 'Schedule I and Schedule II controlled substance' in order to track the language of the statute more appropriately and to take into account the results of the toxicology report." Govt. Response to Pet. at 13-14, filed June 6, 2005. Petitioner provides no evidence of Respondent's alleged actions except

his self-serving statement to the contrary. The court finds that this claim is without merit; therefore it is **dismissed**.

Ground Six asserts Petitioner's trial and appellate counsel were ineffective. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Petitioner must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Petitioner. *Id.* As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court should not second-guess defense counsel's tactical decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990). In addition to showing ineffective representation, Petitioner must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In the context of a guilty plea, to establish prejudice, Petitioner must show that "there is a reasonable probability that, but for counsel's error, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474, U.S. 52, 59 (1985). An analysis of an ineffective assistance of counsel claim can initially focus on the prejudice prong of the *Strickland* test, as "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

Ordinarily, claims of ineffective assistance of counsel are not pursued in direct criminal appeals, "[a] claim of ineffective assistance of counsel should be raised by [a habeas corpus motion]

5

in the district court and not on direct appeal, unless it conclusively appears from the record that defense counsel did not provide effective representation." *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999) (quoting *United States v. Gastiaburo,* 16 F.3d 582, 590 (4th Cir. 1994) (citations omitted)). In Petitioner's case, however, the issue of effectiveness of trial counsel was reviewed by the Fourth Circuit in the context of its consideration of Petitioner's direct appeal.[3] The Fourth Circuit found that "nothing in the record supports [Petitioner's] contentions" regarding the performance of his trial counsel. *Bowman*, 348 F.3d at 416.

Petitioner asserts in this § 2255 that trial counsel was "deficient in advising his plea on Count One [the conspiracy count] . . . after only one day of trial," Supp. to M. Opp. to Gov't M. Summ. J. at 7, filed July 25, 2005, because there was insufficient evidence to warrant his conviction on this count. Petitioner's contention regarding sufficiency of evidence as to the conspiracy count has been rejected by the Fourth Circuit. *See Bowman*, 348 F.3d at 416. Petitioner repeats his contention regarding the sufficiency of evidence of a conspiracy, and that "[h]ad movant known a conspiracy conviction was factually impossible, he would have continued with the jury trial." *Id*. at 8. This assertion is contradicted by the comprehensive Rule 11 hearing conducted by the court and the review of trial counsel's actions conducted on direct appeal.

Petitioner has produced no evidence, nor does he even allege, that his counsel would have had any reason to believe Petitioner did not or could not understand the court's comprehensive Rule 11 proceeding, wherein he was questioned about, and admitted under oath, his involvement in the conspiracy and his involvement in the distribution of drugs to an individual, resulting in the death

---

[3]Petitioner challenged the district court's discretionary denial of his motion to withdraw his guilty plea. The circuit court therefore examined the actions of trial counsel while examining factors of *United States v. Moore*, 931 F.2d 245 (4th Cir. 1991).

6

of that individual. In the absence of any evidence Petitioner was incompetent or incapable of participating in the Rule 11 proceeding, Petitioner cannot claim that his counsel was ineffective for permitting him to answer the court's questions, after being placed under oath, being advised by the court and affirming that he understood the elements of the offenses charged, the potential sentence attaching to those charges, and the facts supporting those charges. When the court considered Petitioner's motion to withdraw his guilty plea, Petitioner did not claim that his plea was not knowing and voluntary. *See* Tr. of M. to Withdraw Guilty Plea Hrg. at 109. At the guilty plea, Petitioner admitted under oath that "[m]e and a few other people that was in the original indictment of 39 people or more, a few of them in the indictment [and] I conspired with and sold drugs to some of the people in and out of the indictment, probably was indicted and some wasn't indicted. Through the course and between that time I might have sold a kilo or more of heroin." Tr. of Change of Plea Hrg. at 34. Based upon a review of the record and the Fourth Circuit's findings on direct appeal, the court rejects Petitioner's claim that his trial counsel was ineffective. There is no evidence that counsel's representation was anything but competent.[4]

Petitioner next focuses on actions of his appellate counsel, arguing appellate counsel was ineffective for failing to raise certain grounds on appeal, namely: (1) that the government should have been required to prove beyond a reasonable doubt at sentencing that the drug consumption caused a death; (2) that the district court erred in accepting Petitioner's guilty pleas to Counts One

---

[4] Petitioner argues that trial counsel was ineffective in failing to prepare an adequate defense; namely, that counsel failed to hire a toxicologist to offer a different conclusion regarding the death for which Petitioner was held responsible. This argument was examined and rejected by the Fourth Circuit. *See Bowman*, 348 F.3d at 416.

7

and Two[5] "where the evidence of Count One was predicated upon a separate conspiracy"; and (3) that the district court erred in accepting Petitioner's Guilty Plea that resulted because of Respondent's alleged prosecutorial misconduct. *See* Memo. in Support of Pet. at 25-26, filed Mar. 3, 2005. Respondent has furnished an affidavit of appellate counsel, Richard A. Harpootlian, refuting Petitioner's assertions. *See* Aff. Richard A. Harpootlian, Exhibit B to Respondent's Resp. to Pet., filed June 6, 2005. The court finds, for the reasons stated by Respondent in its response on these points, that Petitioner's claims are without merit.

## III. Conclusion

Petitioner simply cannot avoid the facts of his own admissions: Petitioner admitted–in his own words–to his involvement in the drug conspiracy, that he had supplied heroin to the decedent who "went into my bathroom and used it . . . and the [as a result], he OD'd," Tr. of Change of Plea Hrg. at 38, and he agreed with the government's recitation of the facts. At no point during his guilty plea did Petitioner challenge the sufficiency of the evidence or his involvement in either charge.

IT IS THEREFORE ORDERED that Respondent's motion for summary judgment is **granted** and the petition is **dismissed with prejudice**. Petitioner's request for an evidentiary hearing is **denied**.

IT IS SO ORDERED.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 12, 2005
C:\temp\notesFFF692\05-677 Bowman v. US e gr govt sumjgm.wpd

---

[5]The count to which Petitioner actually pled was Count Four of the Superceding Indictment.